IN THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | | |
|---|---|---|
| FRANK V. POLLARA GROUP LLC | ) | |
| And FRANK C. POLLARA, individually, | ) | No. 9-60 |
| | ) | |
| v. | | |
| OCEAN VIEW INVESTMENT HOLDING, LLC, et al. | | |

**MEMORANDUM ORDER**

Before the Court are Defendants' Motions to Strike Plaintiff's Expert Report, and Motion to Deem Admitted and/or Strike portions of Plaintiff's Response to Defendants' Statement of Uncontested Material Facts.

Defendant's Motion to Deem Admitted and/or Strike Plaintiff's Response will be denied as unnecessary. In resolving Defendants' Motion for Summary Judgment, the Court will consider each party's statement of fact pursuant to applicable rules and standards, as appropriate.

With regard to Plaintiffs' expert report, Defendants object that the report is untimely and unsworn. This Court ordered that the Motion for Summary Judgment would be decided on the record as of October 1, 2012, if Plaintiff had not filed a response by that date. Accordingly, Plaintiffs filed a response on October 1, 2012. Subsequently, without leave of Court, Plaintiff filed the subject expert report on October 10, 2012. Plaintiffs seek the opportunity to cure the unsworn report, and also explain that they were unaware that a contract attorney preparing their October 1, 2012 submission had not proffered the report in connection with that filing.

In the context of summary judgment, submitting a sworn deposition of an expert cures the deficiency in an unsworn report. <u>Bed Bath & Beyond, Inc. v. Sears Brands, LLC</u>, 2012 U.S.

Dist. LEXIS 76849 (D.N.J. June 4, 2012). Moreover, evidence should not be excluded at the summary judgment on hypertechnical grounds. Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695 (E.D. Pa. 2007). Finally, although Defendant objects that the Court will be unable to determine the significance of the report, the difficulty of assessing the value of a piece of evidence is not grounds for striking same. I do not condone Plaintiff's untimely filing, and I will be less inclined towards leniency in the future. Plaintiff's counsel is Plaintiff's counsel, whether contract or otherwise. Nonetheless, the tardiness was not extreme, and under the circumstances, I will permit Plaintiff the opportunity to cure the defect.

## ORDER

AND NOW, this 6th day of December, 2012, Defendants' Motions to Strike [306], [309] are hereby DENIED. Plaintiff may attempt to cure the defect enumerated in the foregoing Opinion within five (5) days of today's date. In the absence of such filing, the Court will consider only the record as of October 1, 2012 when resolving Defendants' Motion for Summary Judgment.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court