IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FRANK C. POLLARA GROUP, LLC, et al.,   )
                                        ) Civ. No. 9-60
    Plaintiffs,                         )

v.

OCEAN VIEW INVESTMENT HOLDING
LLC, et al.,

    Defendants.

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Defendants have filed a Motion for a new trial pursuant to Fed. R. Civ. P. 59 (Docket No. 444), as well as a renewed Motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 (Docket No. 443).[1]  For the following reasons, after careful consideration of the parties' submissions and the trial record, both Motions will be denied.

### OPINION

**I. MOTION FOR NEW TRIAL**

I first address Defendant's Rule 59 Motion for a new trial, which contends that the jury's verdict was both inconsistent and unsupported by evidence.

First, Defendants contend that the jury reached incorrect and inconsistent results on the verdict form, thus indicating that it did not understand its task.  In particular, they take issue with the finding that OMEI acted negligently as to all five issues presented, but that Cheng and Dubois were found to have acted intentionally with respect to at least three of those issues. Thus, particularly because of the lack of evidence linking Dubois and OMEI, Defendants suggest the

---

[1] Plaintiffs contend that the Defendants waived their objections.  I will presume, without deciding, that the objections are properly presented, and address Defendants' substantive contentions.

1

jury must have disregarded the instruction that an agent's tortious acts are attributable to the principal; or disregarded the instruction that a corporation can only act through its agent. Defendants' arguments address only the conduct of the jury, and not judicial error – i.e., Defendants do not contend that the jury received erroneous instructions, and all parties consented to the form of verdict slip used at the time of trial.

The grant of a new trial under Rule 59 rests within the discretion of the court. Consumers Power Co. v. Curtiss-Wright Corp., 780 F.2d 1093, 1097 (3d Cir. 1986). Pursuant to the Rule, a court may grant a new trial if the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice. Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 8-309, 2013 U.S. Dist. LEXIS 45358, at **7-8 (D. Del. Mar. 29, 2013). "[W]here the ground for a new trial is that the jury's verdict was against the great weight of the evidence, the court should proceed cautiously, because such a ruling would necessarily substitute the court's judgment for that of the jury." Id. at *8.

Further, Federal Rule of Civil Procedure 61 provides that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Applying this principle, a new trial is not warranted unless an error resulted in substantial injustice. Vizzini v. Ford Motor Co., 72 F.R.D. 132, 139 (E.D. Pa. 1976). "[A]bsent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." Williamson v. CONRAIL, 926 F.2d 1344, 1353 (3d Cir. 1991). A jury's verdict should be set aside only if manifest injustice would result. Curtiss-Wright, 780 F. 2d at 1097.

Assuming the jury erred in this matter, the verdict here reflects, at most, a misunderstanding regarding the legal effect of an agent's conduct vis-à-vis the principal. The verdict is not inconsistent per se – i.e., the verdict against OMEI does not contradict or conflict with those against the individual Defendants; all verdicts impose liability. It is clear that the jury was not confused regarding the threshold imposition of liability – as Plaintiffs point out, it had the option of finding "no misrepresentation" for any Defendant, on any subject listed. Any distinction in the jury's factual findings regarding intent does not alter the practical outcome of liability, imposition of compensatory damages, or the apportionment thereof. Indeed, any jury confusion arguably inured to the benefit of OMEI, which was not subjected to punitive damages, rather than to Plaintiffs. Finally, a mistaken damages award for unjust enrichment does not taint the entire verdict. A misunderstanding about the law, with "nothing to suggest that the jury did not understand the law regarding liability," is not necessarily grounds for a new trial. C.f., e.g., Allstate Ins. Co. v. Am. Rehab & Physical Therapy, Inc., 330 F. Supp. 2d 506, 509-10 (E.D. Pa. 2004). In sum, the arguable defect in the verdict here does not work a substantial injustice or prejudice, and does not affect the Defendants' substantial rights such that a new trial is warranted.

Next, Defendant suggests that the jury, in several respects, reached conclusions not supported by evidence. Defendant contends that there was no evidence that Cheng made any intentional misrepresentation to Plaintiff about the development plan, yet the jury found that she made an intentional misrepresentation regarding the proposals for development plan. Defendant further argues that the jury abdicated its role by simply adopting the damages numbers argued by Plaintiff's counsel, without evidence to support those numbers.

3

Although Defendants assert that there was no evidence of pertinent misrepresentations by Dubois and Cheng, the jury was not limited to considering affirmative misrepresentations. Instead, the jury was also instructed that a failure to disclose may provide grounds for liability under appropriate circumstances. Thus, even accepting Defendants' contention that there was no evidence that Ms. Cheng knowingly made false, affirmative misrepresentations does not invalidate the verdict. Moreover, the phrase "regarding" "proposals for development plan," pertaining to the Southgate Crossings Project, as used on the Verdict Form, mirrors the parties' submissions – which requested a verdict form that asked whether each Defendant made misrepresentations regarding "Proposals for development plans for the Southgate Crossings Project." This language, and the language describing many of the categories of conduct at issue, is general and broad enough to encompass a wide range of acts and omissions, of which evidence was presented at trial.

As recited on summary judgment, it would be incongruous to disregard the overlapping relationships and financial interests between the parties and non-parties to this case; it is quite possible that the jury did not disregard those connections, and made inferences about relationships from the direct evidence. It is also possible that the jury made credibility judgments along with such inferences. I cannot order a new trial due to the possibility, for example, that the jury was confused by which similarly-named entity was indicated by references to "Southgate." Likewise, the existence of testimony inconsistent with the verdict does not warrant a new trial; the jury may have disbelieved or disregarded that testimony.

With regard to the objection that the jury blindly adopted counsel's estimate of damages, I cannot agree. There is no suggestion that the jury did not consider the evidence at trial before calculating damages, or before deciding to accept the numbers proffered by Plaintiffs' counsel.

4

Likewise, there is no suggestion that the jury arrived at its calculation on an improper basis, using an improper methodology, or for improper reasons. We do not know what the jury did in order to arrive at its calculation of damages, and the fact that the jury's matched Plaintiffs' is not legitimate grounds for suspicion. Reasonable jurors, viewing the evidence as a whole, could have arrived at the subject verdict, in terms of both the imposition of liability and the amount thereof.

A court should grant a new trial "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson, 926 F.2d at 1353. This matter does not present such a case, and a new trial is not warranted.

## II. MOTION FOR JUDGMENT AS A MATTER OF LAW

Next, I address Defendants' Motion for Judgment as a matter of law pursuant to Rule 50.

A court may determine an issue against a party as a matter of law where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). Judgment as a matter of law must be granted sparingly. Hered LLC v. Seneca Ins. Co., 420 Fed. Appx. 143, 147 (3d Cir. 2012). In considering a Rule 50 Motion, the Court must consider the evidence and draw all inferences therefrom in favor of the non-moving party, and giving him the advantage of every fair and reasonable inference." Williams v. Fields, No. 11-3646, 2013 U.S. App. LEXIS 17679, at *3 n. 1 (3d Cir. Aug. 23, 2013). Such a motion, therefore, should be granted only if "there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." McGreevy v. Stroup, 413 F.3d 359, 364 (3d Cir. 2005). In other words, "the question is not whether there is

literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Ambrose v. Twp. of Robinson, 303 F.3d 488, 492 (3d Cir. 2002) (citations omitted). The Third Circuit has cautioned that the test for prevailing on a Rule 50 motion is a stringent one; the remedy is "sparingly invoked." Watcher v. Pottsville Area Emergency Med. Servs., 248 Fed. Appx. 272, 280 (3d Cir. 2008); Cange v. Phila. Parking Auth., No. 08-3480, 2010 U.S. Dist. LEXIS 31929, at *1 (E.D. Pa. Apr. 1, 2010).

For the reasons discussed supra, viewing the evidence in the light most favorable to Plaintiffs, I cannot find that the jury could not have properly found a verdict for Plaintiffs. I may not usurp the role of the jury by making credibility judgments or weighing the evidence. Defendants argue that there was no evidence that the individual Defendants acted, with the degree of fault that the jury found, on behalf of Ocean View or OMEI. Accepting Defendants' arguments – for example, that the jury accepted Plaintiff Pollara's incorrect assumptions – would require me to exceed my role. For these reasons, and the reasons discussed supra in connection with Rule 59, applying applicable standards, Defendants' Rule 50 Motion will be denied.

## CONCLUSION

In sum, Defendants are not entitled to a new trial or to judgment as a matter of law, and the verdict shall stand. Defendants' Motions will be denied.

## ORDER

AND NOW, this 12th day of November, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions [443] and [444] are DENIED.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court