**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANK POLLARA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9-60 |
| | ) | |
| v. | ) | |
| | ) | |
| OCEAN VIEW INVESTMENT | ) | |
| HOLDING LLC, et al., | ) | |
| | ) | |
| Defendant. | | |

**OPINION AND ORDER**

Pending before the Court are Motions for costs and attorney fees filed by Plaintiff's counsel, as well as a Motion for prejudgment interest.   Attorney Cameron, who represented Plaintiff early in this proceeding, has filed a Motion for fees and costs.  Plaintiff's Motions for fees and costs, as well as Attorney Cameron's Motion, will be granted, on a modified basis. Plaintiff's Motion for prejudgment interest will be denied.

I. **ATTORNEY FEES**

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees, which are defined by statute as awardable costs, in the Virgin Islands.  The decision to award costs or attorney's fees is entirely discretionary.  Addie v. Kjaer, 2014 U.S. Dist. LEXIS 134500, at *8 (D.V.I. Sept. 24, 2014).

In this action, Plaintiff prevailed on claims of unjust enrichment, and intentional and negligent misrepresentation.  The jury awarded Plaintiffs $391,626.00 on those claims. Presently, Plaintiff asserts that Attorney Rohn bills between $400 and $900 per hour, and in this case, seeks a rate of $500 per hour, totaling $285,975.00.  Attorney Fenster, an associate with

1

eight years of experience, seeks a rate of $350 per hour.  Fees claimed for Ms. Fenster total

$44,450.00.  Moreover, Plaintiff utilized unidentified "other associate attorneys and contract

attorneys" (not including Attorney Cameron, apparently, who is separately invoiced).  Plaintiff

seeks fees at a rate of $250 per hour for these "other" attorneys, totaling $24,875.00.  Finally,

Plaintiff seeks fees paid over to Attorney Cameron, in the amount of $19,000.00.  Defendant,

relying on the exception to the fee-shifting statute that prohibits fee awards in personal injury

cases, contends that Plaintiff is not entitled to a fee award.  I disagree that this case involved

personal injuries that fall within the exclusion.  Nonetheless, I will reduce the fees requested for

other reasons, as discussed infra.

     I am to apply the "lodestar" method of assessing fees, by considering the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate.  In re Kool, Mann,

Coffee & Co v. Crow., 2007 Bankr. LEXIS 1313, at *4 (Bankr. D.V.I. Apr. 17, 2007). Thus, the

Court undertakes a two-step inquiry: First, the Court determines whether the hours billed were

"reasonably expended," excluding time billed that is "excessive, redundant, or otherwise

unnecessary." Berne Corp. v. Gov't of the Virgin Islands, 2012 U.S. Dist. LEXIS 13128, at *27

(D.V.I. Feb. 3, 2012). Second, the Court determines whether the hourly rate sought is reasonable,

in comparison to prevailing market rates in the relevant community "for similar services by

lawyers of reasonably comparable skill, experience, and reputation." Rode v. Dellarciprete, 892

F.2d 1177, 1183 (3d Cir. 1990); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir.

2001).  The party seeking an award of fees bears the burden of proving that the request is

reasonable. Rode, 892 F.2d at 1183.

     "In determining whether the moving party has met its burden, [the Third Circuit has]

stressed that 'it is necessary that the [District] Court 'go line, by line, by line' through the billing

records supporting the fee request.'" Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 713 (citing Evans v. Port Auth. of New York and New Jersey, 273 F.3d 346 (3d Cir. 2001)).  "[T]he determination  of a reasonable fee is an inherently case-specific endeavor." Polselli v. Nationwide Mut. Ins. Fire Co., 126 F.3d 524, 535-36 (3d Cir. 1997).

### A.  HOURS EXPENDED

An attorney must justify the expenditure of time in an efficient manner. Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).   Thus, a court may make certain reductions for time that is not so justified, based on considerations raised by the opposing party. RHJ Med. Ctr., Inc. v. City of Dubois, 2014 U.S. Dist. LEXIS 109565 (W.D. Pa. Aug. 8, 2014). For example, a court may "remove the hours billed for client conferencing and reduce the hours charged for review and preparation, some of which encompass the normal overhead costs of running and maintaining a business." Creative Minds v. Reef Broad., 2014 V.I. LEXIS 82 (V.I. Super. Ct. Aug. 12, 2014).  Multiple lawyer conferences, or intra-firm conferences, if not involving opposing counsel, are duplicative and not reimbursable. M & N Aviation, Inc. v. United Parcel Service, Inc., 2014 U.S. Dist. LEXIS 37382, at **25-26 (D.V.I. Mar. 21, 2014). Moreover, fees incurred for attorney work that could have been done by a paralegal or "reasonably capable secretary" may be reduced.  Masterson v. Runyon, 1995 U.S. Dist. LEXIS 819, at **11-12 (E.D. Pa. Jan. 17, 1995).  Preparing notices of deposition, for example, do not require an attorney's expertise.  M & N Aviation, 2014 U.S. Dist. LEXIS 37382, at *29.

Moreover, a court may reduce an award when the requesting party's documentation is inadequate.  UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007).  A party "block bills at his own peril"; fees billed in this manner may be reduced.  United States v. NCH Corp., 2010 U.S. Dist. LEXIS 94486 (D.N.J. Sept. 10, 2010).   Consistent with

this principle, "[b]illing entries that are too general, in that they do not indicate the purpose for which the attorney engaged in particular work, will not be allowed. A prevailing party must provide enough specificity in its billing entries to allow a court to assess what tasks an attorney performed when examining an application for attorney's fees." M & N Aviation, 2014 U.S. Dist. LEXIS 37382, at **19-20.

Here, Defendants have identified both specific and general objections to Plaintiff's time records. The following chart reflects reductions in the hours expended, for the purpose of addressing Defendant's objections to the reasonableness of the number of hours expended (including excessive time spent), work that could have been done by a paraprofessional, block billing or inadequately descriptive billing, and duplicative work. As required, I have assessed Plaintiff's submissions line by line, in detail, against Defendant's objections. I have done so in light of the overall circumstances of this case. Reductions reflect the extent to which I agree with Defendants' objections; objections not addressed in the table have been rejected. For purposes of clarity and convenience, reductions, and the reasons therefor, are set forth herein in chart format.[1]

### 1. Attorney Rohn

| Billing dates | Reason excluded or reduced | Hours excluded |
|---|---|---|
| 3/31-4/5/11, 4/6-11/11, 9/12/13, 9/13/11, 9/14/11, 12/6/12, 5/21/13, 6/11-24/13 | Block billing/inadequate description; reasonableness of hours expended | 10.0, 10.0, 1.0, 7.5, 7.0, .5, 40.0 (total: 76) |
| 9/9/13, 9/26/11, 10/19/11, 11/2/11, 11/14/11, 11/30/11, 12/16/11, 1/5/12, 9/26/12, 9/30/12, 3/4/13 | Paraprofessional or secretarial work; reasonableness of hours expended | .25, 2.0, .1, .5, .6, .2, .2, .15, 1.0, 2.0, .25, 5.0 (total: 12.25) |
| 6/20/11, 7/22/11, 10/18/11, 9/20/12, 9/21/12, 10/11/12, 12/11/12 | Duplicative work | .5, .1, .5, .25, .25, .1, 1.0 (total: 2.7) |

[1] The billing dates listed in the charts correlate with the hours excluded, within each category. For example, .5 was excluded on 6/20/11 for duplicative work; .1 on 7/22/11; and so on.

| 5/2/11, 5/5/11, 5/19/11, 9/12/11, 10/4/11, 10/7/11, 10/19/11, 10/25/11, 12/2/11, 9/30/12, 10/19/12, 3/4/13, 3/15/13, 5/13/13, 5/22/13, 5/28/13, 5/29-30/13, 6/11/-12/13, 6/11/13 | Reasonableness of hours expended | 1.0, .5, 1.0, 5.0, .1, 4.0, .25, 5.0, 5.0, 5.0, .5, 5.0, 2.5, 2.0, .1, 2.0, 8.0, 5.0, 5.0 (total: 56.95) |

**Total reduction for Attorney Rohn: 147.9 hours**

**571.95 requested – 147.9 disallowed = 424.05 total hours allowed**

### 2. Attorney Fenster

| Billing dates | Reason excluded or reduced | Hours excluded |
|---|---|---|
| 6/16-21/13, 6/20/13, 6/22/13,6/23/13 | Duplicative; reasonableness of hours expended; paraprofessional or secretarial work | 20.0, 2.0, 5.0, 2.0 (total: 29.0) |

**Total reduction for Attorney Fenster: 29.0 hours**

**127.0 requested – 29.0 disallowed = 98 total hours allowed**

### 3.  Associate Attorneys

| Billing dates | Reason excluded or reduced | Hours excluded |
|---|---|---|
| 5/2/11, 5/19/11, 9/25/11, 10/17/12, 10/29/12, 6/14/13 | Reasonableness of hours expended | 15.0, 7.5, 2.0, 3.0, 8.5, 3.0 (total: 39.0) |

**Total Reduction for Associate Attorneys – 39 hours**

**99.5 requested – 39 disallowed = 60.5 total hours allowed for Associate Attorneys**

### 4.  Attorney Cameron

Defendant challenges the fees sought for Attorney Cameron.  Plaintiff's invoice

regarding payments made to Attorney Cameron does not specify the reasons for the hours

expended.  The grand total of $19,000 is listed merely as "billable hours for case" and

"Opposition to Summary Judgment, Statement of Facts." No hourly rate is indicated.

Accordingly, I have been provided absolutely no basis for assessing whether these payments

were based on a reasonable hourly rate, or whether they were based on time reasonably

expended. Moreover, Attorney Cameron has filed a separate fee petition. Because it is

Plaintiff's burden to demonstrate that fees are reasonable, and he has not offered any information

to support the reasonableness of fees paid over to Attorney Cameron, I will disallow the entire

amount.

###    B.    REASONABLE RATE

I turn next to the question of a reasonable hourly rate. The burden rests on a fee applicant

to produce satisfactory evidence, in addition to counsel's own affidavits, that the rates sought are

in line with prevailing rates in the community for similar services, by lawyers of reasonably

comparable skill, experience, and reputation. Carey v. City of Wilkes-Barre, 496 Fed. Appx.

234, 236 (3d Cir. 2012). An attorney's usual billing rate is not dispositive. Id. If the plaintiff

fails to meet her prima facie case, the district court has the discretion to determine what award is

reasonable. Id. at 237. As stated quite recently, Virgin Islands courts "have generally concluded

that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." M&T Bank

v. Soto, 2015 U.S. Dist. LEXIS 41200 (D.V.I. Mar. 31, 2015).

Plaintiff's attorneys provide only their own affidavits indicating that their rates are in line

with prevailing rates in the jurisdiction. This is not sufficient to support the high hourly rates

claimed. Moreover, although this case was paper-intensive and involved several defendants, the

case was not inherently complex. Instead, it involved factually overlapping common law claims

that did not require specialized knowledge or involve complicated legal issues. Therefore, I will

reduce Attorney Rohn's hourly rate to the reasonable rate of $300 per hour, and Attorney

Fenster's to the reasonable rate of $200.  Plaintiff's breakdown of fees does not provide any information about the various "other" attorneys that would justify their claimed rate of $250 per hour.  Those rates shall be reduced to the reasonable rate of $125 per hour.  Accordingly, the hourly rates times hours expended are be as follows:

**Attorney Rohn:  424.05 hours at $300/hr. = $127,215.00**

**Associate Attorneys: 60.5 hours at $125/hr. = $7,562.00**

**Attorney Fenster:   98 hours at $200/hr. = $19,600.00**

### C.  LODESTAR

These calculations result in a lodestar amount of $154,377.00.   After arriving at the lodestar, a court may further adjust the amount of fees to take into account any other relevant factors not already accounted for in the calculation.  Island Green, LLC v. Querrard, 2013 U.S. Dist. LEXIS 44147, at *7 (D.V.I. March 27, 2013).  "I am mindful that "the amount of … fees to be awarded to the prevailing party [pursuant to 5 V.I.C. § 541) is intended to be an indemnification for a fair and reasonable portion … and not for the whole amount charged by the attorney."  Chapa v. Sepe, 2013 V.I. LEXIS 72 (V.I. Super. Ct. June 3, 2013).  Considering the nature and course of prosecution of the instant matter, and all of the surrounding circumstances, find that the lodestar should be further reduced by twenty percent.  This reduction is not arbitrary, but reflects factors not completely accounted for in the lodestar:  the significant factual overlap in the legal claims on which Plaintiff succeeded; the points in the proceeding where litigation was unnecessarily delayed or protracted; the fact that the case did not involve "priority" work, as evidenced by its long and oft- delayed path from commencement to trial; and similar awards in similar cases.  I have also drawn on my own knowledge and experience in assessing the reasonableness of the fees requested.  In sum, a reasonable fee award in this case is $123,501.00.

II. **COSTS OTHER THAN ATTORNEY FEES**

Pursuant to Section 541(a), costs other than attorney fees which "may be allowed" include the following:  fees of officers, witnesses, and jurors; necessary expenses of taking depositions which were reasonably necessary in the action; expenses of publication of the summons or notices, and the postage when they are served by mail; and the necessary expense of copying any public record, book, or document used as evidence on the trial.  "[T]he longstanding rule in the Virgin Islands is that travel expenses incurred in taking depositions will not be awarded absent special circumstances." Del Valle v. Officemax North America, Inc., 2015 U.S. Dist. LEXIS 29760 (D.V.I. Mar. 11, 2015).  Moreover, the Court removes "overhead" costs, such as non-evidence connected photocopies, and telephone calls.  Creative Minds v. Reef Broad., 2014 V.I. LEXIS 82, at *2 (D.V.I. Aug. 12, 2014); it is well-established that "photocopying and other reproduction costs are nonreimbursable." Lempert v. Singer, 1993 U.S. Dist. LEXIS 19923, at *2 (D.V.I. Dec. 30, 1993).  Travel expenses for witnesses to trial are excluded from costs awarded under Section 541.

Here, Plaintiff's bill of costs includes $290.00 for service of process and subpoena fees; $3,669.72 for deposition transcripts; $90.00 for witness fees; $9,140 for photocopies, broken down as $7,617.50 for "copy of exhibits" and $1,522.50 for "photocopies of exhibits for depositions" ; and $7,838.35 for other items, such as long-distance telephone calls, travel, hotels, car rentals, and meals during trial.

The prevailing party's bill of costs and affidavit must be sufficiently detailed to permit the Court to discern the actual, necessary and reasonable expenses for essential services.  Creative Minds, 2014 V.I. LEXIS 82, at *2.   Of Plaintiffs' bill of costs, hotels, car rentals, long-distance telephone calls, teleconference fees, and meals will be excluded as encompassed by overhead

costs or as not specifically related to awardable costs under Section 541.   Accordingly, the costs awarded Plaintiff, other than attorney's fees as discussed <u>supra</u>, will be $290.00 for service costs, $90.00 for witness fees, and $3,669.72 for deposition transcripts.  The total costs awarded are $4,429.50.

## III. **PREJUDGMENT INTEREST**

Plaintiff has also filed a Motion for prejudgment interest on the total award.  Pursuant to 11 V.I.C. 951(a)(1), prejudgment interest may be awarded on "all monies which have become due," in an effort to avoid injustice.  <u>Antilles v. James</u>, 30 V.I. 230 (D.V.I. 1994). This section is not a proper mechanism for seeking prejudgment interest arising from a non-contractual tort; it applies, instead, to "contractual obligations." <u>Bookworm, Inc. v. Tirado</u>, 44 V.I. 300 (V.I. Terr. Ct. 2002).

In this case, justice does not require an award of prejudgment interest.  Plaintiff prevailed on misrepresentation claims, which are not claims of the type contemplated by the purposes of prejudgment interest.  While he asserts that the sums "due" were easily ascertainable, he does so in a conclusory and post-hoc manner.  The fact the jury ascertained amounts to be awarded does not automatically bring those amounts under the rubric of Section 951; were that the case, every jury award would be subject to prejudgment interest.  Legal, tort liability is distinct from a contractual or liquidated obligation.  <u>See Antilles</u>, 30 V.I. at 257.  Accordingly, this is not a case in which Plaintiff suffered from the loss of his money from a date certain, and where he cannot be made whole without prejudgment interest.  Plaintiff's Motion will be denied.

## IV. **ATTORNEY CAMERON'S MOTION FOR FEES AND COSTS**

Finally, I separately address Attorney Cameron's independently filed Motion for fees. Attorney Cameron represented Plaintiff from May 20, 2010 until March 30, 2011.  She withdrew

as counsel after filing Plaintiff's First Amended Complaint.  Presently, Attorney Cameron seeks

fees in the amount of $11,860.00, representing 47.44 hours at an hourly rate of $250.00 per hour.

Defendants oppose the fee request, arguing both that fees are not recoverable in the

instant "personal injury" case, and that the fees are excessive.  For the reasons stated supra, I

reject the former argument.  Applying the same principles and law identified in that Order,

however, I will reduce Attorney Cameron's fees.  Her hourly rate is reasonable, and is in line

with the rates already applied in this matter.  Moreover, I do not find her hours expended

excessive or inadequately described.   However, the lodestar must be reduced.  The First

Amended Complaint, which Attorney Cameron drafted, alleged two claims, of quantum meruit

and unjust enrichment.  Plaintiff ultimately prevailed at trial only on his misrepresentation

claims, which were neither initiated nor pressed by Attorney Cameron.  Thus, Plaintiff did not

prevail on any claims presented by this counsel.   Under the circumstances, a full award of all

fees does not represent fair and reasonable indemnification.  Accordingly, and also based on the

considerations identified supra in connection with the fees incurred by Attorney Rohn's firm, a

fifty percent reduction is justified, and results in a reasonable fee.  Attorney Cameron is entitled

to $5,930.00 in fees.

As regards her request for costs, I will disallow charges for photocopying, postage,

returned check fees, and information technology services, as overhead or as not authorized by

Section 541.  Moreover, the cost for "services," in the amount of $75.00, will be disallowed due

to inadequate description.  Attorney Cameron will be awarded costs for Plaintiff's deposition and

for service fees, totaling $879.80 in costs.

**ORDER**

AND NOW, this 21st day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motions for Costs and for Attorney Fees are GRANTED.  Plaintiff is awarded costs in the amount of $4,429.50, and $123,501.00 in attorney fees, for a total of $127,930.   Plaintiff's Motion for prejudgment interest is DENIED.

Further, Attorney Cameron's Motion for Fees and Costs is GRANTED, and Attorney Cameron is awarded fees in the amount of $5,930.00, and costs in the amount of $879.80, for a total of $6809.80.

BY THE COURT

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court