IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK C. POLLARA GROUP LLC and <br> FRANK C. POLLARA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OCEAN VIEW INVESTMENT <br> HOLDING LLC, et al., <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 9-60 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

### SYNOPSIS

In this civil matter, a jury found in Plaintiff's favor and rendered an award.[1]  Eventually, by Order dated September 13, 2013, this Court granted Defendant's Motion to Stay pending the resolution of post-trial motions.  That Order provided for the posting of the property known as East Southgate as bond.   After I ruled on post-trial motions, Defendants filed an appeal.  The stay and supersedeas, as permitted by applicable law, were extended to the appellate process.[2] After the appeal resolved in Plaintiff's favor, but before the Court of Appeals issued its mandate, Plaintiff obtained a writ of execution relating to East Southgate.   Over a month after the Court of Appeals' Opinion affirming , potential intervenor Michael J. Cope filed a Motion to Intervene and to Quash Plaintiff's Writ of Execution, premised on a 2005 judgment that Mr. Cope obtained against Plaintiff in Florida, and sought to execute upon in the Virgin Islands courts.  The following day, Plaintiff filed a Motion to Enforce Supersedeas Bond.  This Court held the Motions in abeyance, pending the Virgin Islands court's resolution of the issues surrounding Mr.

---

[1] As does Plaintiffs' counsel, I refer to Plaintiffs in the singular for purposes of clarity.
[2] See, e.g., Marrero v. United Indus. Service Transp., Prof. & Gov't Workers of N.A., 2012 U.S. Dist. LEXIS 96702 (D.V.I. July 12, 2012).

1

Cope's interest in this litigation. The Virgin Islands court rendered its decision quashing Mr. Cope's writ, and the parties had the opportunity to submit supplemental briefs. Mr. Cope then submitted a decision of the Virgin Islands Court dated October 6, 2015, approving the issuance of a writ of execution; pending in the territorial court is Plaintiff's request to vacate or stay execution on that writ. Moreover, Plaintiff has included in his response to Mr. Cope's Motion to Intervene a Cross-Motion for a Protective Order to preserve the status quo pending resolution of counsel's priority of interest in the judgment.

### A.  Motion to Intervene

Mr. Cope's Motion to Intervene asserts intervention as a matter of right, premised on the property interest conferred by his writ of execution obtained against Plaintiff.[3] While the Virgin Islands Court quashed his first writ, a second has issued from that Court. The writ attached to Mr. Cope's submission identifies Plaintiff's interest in the chose in action in the present case.

Fed. R. Civ. P. 24(a) provides for intervention, in part, when, on timely application, one "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…." In order to intervene as of right, "the intervenor's interest must relate to the underlying subject matter of the litigation in which he or she seeks to intervene." Doe v. Ejercito De Liberación Nacional, 2012 U.S. Dist. LEXIS 190026, at *9 (S.D. Fla. Aug. 2, 2012).

As a threshold matter, the motion to intervene must be "timely," which, because Rule 24 is silent as to timeliness, is assessed by the totality of the circumstances. Gadley v. Ellis, 2015

---

[3] His Motion also refers in passing to permissive intervention under Rule 24. Even if the Motion were deemed timely, his financial interest in the recovery, or claim against Plaintiff's assets, does not constitute "common question of law or fact" required by the Rule. See, e.g., Castoro & Co. v. Hartford Accident & Indem. Co., 2014 U.S. Dist. LEXIS 70312 (D.N.J. May 22, 2014); Doe v. Ejercito De Liberación Nacional, 2012 U.S. Dist. LEXIS 190026, at **12-13 (S.D. Fla. Aug. 2, 2012).

U.S. Dist. LEXIS 83284, at *8 (W.D. Pa. June 26, 2015). The timeliness analysis rests with the discretion of the district court. <u>NAACP v. New York</u>, 413 U.S. 345, 365-66, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973). When conducting this analysis, a court should consider: "(1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay." <u>Id.</u> The potential intervenor must "persuasively explain his reason for delay in filing his motion to intervene." <u>United States v. Terr. of the Virgin Islands</u>, 2012 U.S. Dist. LEXIS 159615, at *10 (D.V.I. Nov. 7, 2012). Motions to intervene filed for the first time after entry of judgment "should be denied except in extraordinary circumstances." <u>In re Fine Paper Antitrust Litig</u>., 695 F.2d 494, 500 (3d Cir. 1982).

Here, the pertinent factors tilt towards disallowing intervention as untimely. The Complaint in this matter, dated June 3, 2009, was removed to federal court on September 9, 2009; the jury entered a verdict on June 27, 2013; Mr. Cope filed a Notice of Foreign Judgment in the Superior Court of the Virgin Islands in January, 2015; and he filed his Motion to Intervene on June 3, 2015. Accordingly, this litigation was in its end-stages when Mr. Cope asserted his 2005 judgment in the Virgin Islands Court, and then sought to intervene in this case. He has not offered a single explanation for the delay.[4] Moreover, in terms of prejudice, it is nearly impossible to gauge the potential prejudice that the delay might have caused, as we cannot know how earlier notice of his involvement might have impacted the case. It is certain, however, that his present intervention would interject into this federal case questions of prioritizing a state court judgment sought to be enforced in the territorial court, alongside counsel's purported lien

---

[4] The lack of any proffered reason for the untimeliness distinguishes this matter from other cases in which courts have permitted intervention following a jury's verdict, where, as here, intervention would have been unnecessary in the case of a defense verdict. <u>See, e.g.</u>, <u>Rapp v. Cameron</u>, 2001 U.S. Dist. LEXIS 17046 (E.D. Pa. Oct. 18, 2001) (insurance company failed to intervene earlier due to prejudice it would have caused its insured).

3

arising under territorial law – all of which are unrelated to the underlying subject of this litigation. This would acutely interfere with the orderly conclusion of this years-old litigation. All of the surrounding circumstances, therefore, point to denying Mr. Cope's Motion as untimely.

Moreover, I note that disallowing intervention poses only a debatable threat to Mr. Cope's interests. Given my contemporaneous decision today to deny Plaintiff's Motion to Enforce Supersedeas, what remains in this proceeding has no ability to impair or impede Mr. Cope's interest in Plaintiff's recovery. In other words, there is no issue pending in this Court, at this juncture, that might put his interest at greater risk than it already is; his interest remains the same whether or not he intervenes in this litigation. Cf. T.B. v. Sposato Builders, 1996 U.S. Dist. LEXIS 17326, at *10 (E.D. Pa. Nov. 20, 1996).

As stated in a different context, "a party's interest in a 'pool or fund from which to recover his damages'…does not give that party a substantive right in any particular funds, such that he or she could claim a protectable interest in a proceeding which might entitle another party to claim an interest in the same pool of funds." Ejercito De Liberación Nacional, 2012 U.S. Dist. LEXIS 190026 at *9. Indeed, Mr. Cope's interest in this litigation is merely economic, and he may seek to collect his 2005 judgment in ways that will not disrupt the orderly conclusion of this case. Cf. Transcaribbean Trade, Ltd. v. Misgunst Inv. Corp., 2011 U.S. Dist. LEXIS 53431, at **7-8 (D.V.I. May 18, 2011). "[T]he law establishes various mechanisms for determining priority among competing … creditors, thereby making it unnecessary for parties to litigate their entitlement to certain assets in the main action…." Ejercito De Liberación Nacional, 2012 U.S. Dist. LEXIS 190026, at *12.

For all of these reasons, the Motion to Intervene will be denied. Accordingly, Mr. Cope is not a party to this action and I will not entertain his Motion to Quash the writ of execution that Plaintiff obtained from the Clerk of Courts.

### B. Motion to Enforce Supersedeas Bond

Plaintiff seeks to enforce the supersedeas bond in this case, by way of an order directing that she and Plaintiff be given joint title to the property designated as security, and declaring her fee and expense reimbursement to be her separate property. Defendants oppose Plaintiff's Motion on grounds that the writ obtained by Mr. Cope stripped Plaintiff of standing to seek such relief, and precluded Defendants from satisfying the judgment. Defendants assert, as well, that the property remains secure and available to satisfy the judgment; indeed, Plaintiff suggests that due to his extant writ of execution, the Marshal has secured possession and title to the property. Defendants state, "Once the relative rights of Cope and Pollara are sorted out….whoever ends up owning the cause of action will be entitled to satisfaction of the judgment in this case, whether that be through payment of the judgment or a sale of the property." Who will own the award is still under consideration by the Virgin Islands Court; it is, however, beside the point, because even if it were definitively in the hands of Mr. Pollara and the corporate Plaintiff, I would not grant the relief that Plaintiff seeks.

As mentioned, Plaintiff primarily seeks an Order directing the Marshal to issue a deed for the posted property, jointly in the individual Plaintiff, the corporate Plaintiff, and their counsel, in fee simple, free and clear of encumbrances. I am unwilling to enter such an unusual decree, and Plaintiff has pointed to no precedent for doing so, beyond authority that is both general and wholly discretionary, and thus unpersuasive in this context.[5] This case, rather straightforwardly

---

[5] Plaintiff fully briefs counsel's lien and its priority, but regarding this Court's authority to enter the requested Order, Plaintiff primarily points to the Restatement (Third) of the Law Governing Lawyers § 43(3). That Section is entitled

and not atypically, now involves prevailing parties who obtained a money judgment, which they would like to see satisfied; a third-party appears, at least at the moment, to be a judgment creditor of a prevailing party, and is now seeking to satisfy his own judgment.   As is customary under such circumstances, Plaintiff may attempt to collect his judgment, against Defendants and/or their property, and his counsel may attempt to collect from her client what she is due; Mr. Cope may do similarly. [6]   Any agreement made between attorney and client, at this juncture, remains between them, and is not before this Court for enforcement or approval.   Therefore, Plaintiff's request will be denied.

### C. Cross-Motion for Protective Order

Finally, I reach Plaintiff's related request (more properly characterized as a request by and for the benefit of counsel, in which Plaintiff, as counsel acknowledges, merely acquiesces) for a protective order preserving the status quo until counsel's lien priority is established.   In that Cross-Motion, counsel asks, <u>inter alia</u>, that I determine the amount of her interest in the judgment, direct Defendants to protect her interest in the judgment, and prohibit compromise agreements with Mr. Cope until her interest has been resolved.  "While a court may hear this type of fee dispute, … whether to exercise such authority is left to the court's discretion." <u>Misgunst</u>, 2011 U.S. Dist. LEXIS 53431, at **11-12.

Addressing counsel's multiple prayers for relief would involve protracted ancillary proceedings, likely including hearings and additional briefing, which would unduly delay the resolution of this case.   Such an instance would not only disserve the parties hereto, but would be

---

"Lawyer Liens," and provides: "A tribunal where an action is pending may in its discretion adjudicate any fee or other dispute concerning a lien asserted by a lawyer on property of a party to the action, provide for custody of the property, release all or part of the property to the client or lawyer, and grant such other relief as justice may require." That Section is both nonspecific and is expressly discretionary with the Court.

[6] I express no opinion on the jurisdictional or procedural validity or Plaintiff's past or future efforts to execute on the judgment; instead, I rule only on the matters that the parties have placed before me.

starkly at odds with other interests of the public and the courts, including the interests in judicial economy and in civil cases reaching speedy resolution. Indeed, the issues surrounding Mr. Cope's territorial writ, and thus his interest in the same jury verdict in which counsel asserts a stake, continue to be litigated in the territorial court. Simply put, "there is no reason to further prolong the litigation." Id. at **9, 12. Thus, I will decline to exercise my discretion to delve into counsel's entitlement to payment, and the requests of Plaintiff's counsel will be denied.

## CONCLUSION

In conclusion, Mr. Cope's Motion and Plaintiff's Motions will be denied. Accordingly, the parties may attempt to proceed in accordance with the usual procedures for satisfying a jury award. The parties and Mr. Cope are strongly encouraged, when doing so, to attempt to resolve priority and collection issues, which implicate questions of state and territorial law, without this Court's intervention. It has been six years since this case commenced; the time for finality has long passed. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Michael Cope's Motion to Intervene [491], Plaintiff's Motion to Enforce Supersedeas [498], and Plaintiff's Motion for Protective Order are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court