IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FRANK C. POLLARA GROUP, LLC, et al.,   )
                                        ) Civ. No. 9-60
    Plaintiffs,                         )

    v.

OCEAN VIEW INVESTMENT HOLDING
LLC, et al.,

    Defendants.

**OPINION AND ORDER**

**SYNOPSIS**

On June 27, 2013, a jury returned a verdict in Plaintiffs' favor, followed by post-trial motions, appellate proceedings, and proceedings related to a supersedeas bond. Subsequently, Mr. Cope, the holder of a Florida judgment against Plaintiff, sought to intervene in this matter and also initiated related proceedings in the territorial court. Then, on December 8, 2015, Mr. Cope purchased Plaintiff's interest in this case through a Superior Court of the Virgin Islands Marshal's sale. On March 14, 2016, with the agreement of Plaintiff and Mr. Cope, Defendant deposited the sum of $611,736.82 into this Court's registry.

Before the Court is Plaintiffs' Motion for Award of Fees connected with Plaintiffs' attempts to execute on the bond. Plaintiffs have also filed a Motion for the Release of Fees and Costs from the Court registry, based on an attorney-client contingency fee agreement and amounts awarded by the Court to Plaintiff's current counsel and former attorneys. Also pending are Defendants' Motion, seeking an Order discharging the judgment against Defendants, alleging

1

that Plaintiffs' counsel has failed to execute a Satisfaction of Judgment as required by the Stipulation approved on March 10, 2016, and Mr. Cope's Counter-Motion to have the funds deposited into an account of the territorial court.

**OPINION**

Given the differences arising between Plaintiffs and Mr. Cope after the jury's verdict in this matter, a brief recap is in order.  Plaintiffs, at this time, seek only the release of funds relating to counsel fees and costs.  Plaintiffs' Motion suggests the primacy of counsel's liens, under territorial law, over the interests of Mr. Cope.  Mr. Cope's interest, in turn, arises from a Marshal's sale and judgment, both occurring in the territorial court.  The Bill of Sale from the territorial court includes, in the description of the personal property sold, "that certain order dated May 21, 2015 granting Plaintiff's Motion for Attorney's Fees and Motion for Costs." [1]

In my Order dated October 22, 2015, I denied Mr. Cope's request to intervene, as well as Plaintiff's Motion to Enforce Supersedeas Bond, which requested that a deed to the posted property be issued to Plaintiffs and counsel jointly.  In so doing, I stated: "[T]his case, rather straightforwardly and not atypically, now involves prevailing parties who obtained a money judgment, which they would like to see satisfied…as is customary under such circumstances, Plaintiff may…collect his judgment…, and his counsel may attempt to collect from her client what she is due; Mr. Cope may do similarly.  Any agreement made between attorney and client, at this juncture, remains between them, and is not before this Court for enforcement or approval."  Also in that Order, I noted Plaintiffs' counsel's reliance on discretionary law that permits, but does not require, a court to adjudicate any fee or other dispute concerning a lawyer's

---

[1] Plaintiffs, however, now submit a November 16, 2015 Order of the territorial court, which appeared to grant their Motion contesting, in part, the inclusion of the fees and costs in the sale to Mr. Cope.  Thus, I do not have a clear picture of the status of the sale in that regard.

lien.[2] See Transcaribbean Trade, Ltd. v. Misgunst Inv. Corp., 2011 U.S. Dist. LEXIS 53431, at *11 (D.V.I. May 18, 2011). Since that time, the only materially relevant change in circumstances has been evidence presented to the Court of Mr. Cope's December 8, 2015 purchase of Plaintiff's interest in the judgment.

The mere existence of Mr. Cope's and Plaintiffs' counsel's interest in the judgment awarded Plaintiffs, or in payment by one or both Plaintiffs, does not compel me to adjudicate those interests.[3] That Mr. Cope sought to intervene late in this litigation, and that Plaintiffs' counsel has worked diligently throughout the proceedings, does not alter this conclusion. A federal court retains jurisdiction over its judgments, until the judgment has been satisfied, to ensure that the judgment is satisfied. See Soly v. Warlick, 2014 U.S. Dist. LEXIS 43971 (D.V.I. Mar. 31, 2014).

Here, this Court entered a judgment on July 13, 2013. This Court resolved counsels' subsequent petition for fees and costs, by Order dated May 21, 2015. Defendants have fulfilled this Court's judgment and Orders by depositing the full amount owed into the Court registry. This second fee dispute, however, excessively strains the bounds of this Court's authority. The currently asserted interests of Plaintiffs' counsel and Mr. Cope rest solely on questions of territorial law, and those relating solely to actions taken by the Superior Court of the Virgin Islands and its Marshals. The enforcement of this Court's judgments and Orders is no longer at issue. I am no more inclined now than I was in October, 2015, to embark on the extended territorial law analysis required to adjudicate counsel's liens and related priority issues, and place

---

[2] The authority that Plaintiff's counsel now proffers does not persuade me otherwise. Plaintiff's Motion for Release of Fees and Costs cites to Weiss v. Oat, 2012 U.S. Dist. LEXIS 65559 (D.V.I. May 10, 2012). That case addressed an independent suit brought by attorneys against their client to collect fees. Following a trial, the Court foreclosed counsel's charging lien on the judgment amount held in escrow. Unlike Weiss, the present matter is not an independent action to recover attorney fees and determine lien priorities; again, I will not hold a post-judgment "second trial" of secondary issues.

[3] Mr. Cope was permitted to intervene solely for purposes of the stipulation; this Court did not adjudicate the nature or amount of his interest in this matter, or substantively determine that he had a right to intervene.

the federal court in potential conflict with territorial authorities. Given the conclusion of primary proceedings in this court; that Defendant has complied with its obligations in this Court; and that other relevant proceedings are already underway in a more suitable forum, considerations of comity and judicial economy weigh heavily in favor of concluding federal oversight. Moreover, with respect to Plaintiffs' Motion for fees relating to executing on the judgment, I agree with Defendants that the nature of the post-judgment "quagmire" in this case has been such that Plaintiff is not entitled to additional counsel fees.

Under the circumstances, it is appropriate that the Clerk of Courts withdraw the disputed funds from this Court's registry and cause their deposit into the registry of the Superior Court of the Virgin Islands. See Faller v. Chevron Corp., 2008 U.S. Dist. LEXIS 89432 (S.D. Tex. Nov. 4, 2008).[4] Mr. Cope and Plaintiffs' counsel may then proceed to assert their rights, should they so choose, in Cope v. Pollara, SX-15-cv-26 (Super. Ct. V.I.), or otherwise.

---

[4] In Chevron, attorneys and a former attorney claimed an interest in a portion of the settlement amount, which was deposited into the court registry following the conclusion of all primary claims in the litigation. The court, noting that the only remaining issue involved fee disputes arising under state law, transferred the disputed funds into the state court registry. Chevron, 2008 U.S. Dist. LEXIS 89432, at **13-14. 28 U.S.C. §§ 2041, 2042 do not preclude such action; instead, they provide that money may not be withdrawn from the Court registry except by order of court.

**ORDER**

AND NOW, this 28th day of April, 2016, Defendant's Motion to discharge judgment [550] is GRANTED; Plaintiffs' Motions [545, 551] are DENIED; Mr. Cope's Motion [553] is GRANTED. The Clerk of Courts for the District Court of the Virgin Islands shall cause the disputed funds in this Court's registry, totaling $611,736.82, to be deposited into the registry of the Superior Court of the Virgin Islands pending that Court's resolution of all pertinent claims to the funds. Further, the Clerk of Courts for the District Court of the Virgin Islands shall mark the judgment in this Court satisfied.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court